**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| IOTA XI CHAPTER OF ) <br> SIGMA CHI FRATERNITY, et al., ) <br> ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PAMELA PATTERSON, et al., ) <br> ) <br> ) <br> Defendants. ) <br> _____) | Civil Action No.: 1:07cv883 |

**MEMORANDUM IN SUPPORT OF PLAINTIFFS'
MOTION TO STRIKE DEFENDANTS' MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

For their Memorandum in Support of Plaintiffs' Motion to Strike Defendants' Memorandum of Points and Authorities in Support of Motion for Summary Judgment, the Plaintiffs, Iota Xi Chapter of the Sigma Chi Fraternity, Ryan Duckwitz, and Justin Pietro ("Sigma Chi"), hereby state as follows:

**Introduction**

On February 4, 2008, Defendants filed Defendants' Motion for Summary Judgment and an accompanying memorandum ("Defendants' Memorandum" or "Memorandum"). Defendants' Memorandum exceeded thirty pages by three full pages. Moreover, much of the argument and legal citations appeared in lengthy footnotes, thereby making the brief even longer than the thirty-three pages filed with this Court had this footnote text been printed in a regular-sized font. Plaintiffs' response to the Motion for Summary Judgment is due on or before February 15, 2008,

and a hearing on the motion is set for February 22, 2008. Trial is scheduled for March 5, 2008.

## Standard

The local rules for the Eastern District of Virginia provide that no brief in support of a motion shall exceed thirty (30) pages except for good cause shown in advance of filing. *Local Rule 7(F)(3)*.

## Argument

Defendants' Memorandum must be stricken because it exceeds thirty pages in violation of Local Rule 7(F)(3), and Defendants did not seek leave to exceed the page limit in advance of filing. Even if Defendants had sought leave to exceed the page limit, it is unlikely that such leave would have been granted in light of prior rulings by this Court. *See e.g., Dag Petroleum Suppliers, LLC v. BP P.L.C. et al.,* 2006 U.S. Dist. LEXIS 60106 (E.D.Va. 2006). In *DAG Petroleum*, the Plaintiff sought leave to exceed the page limit for its response brief to a motion for summary judgment because the parties had engaged in extensive discovery, including the review of millions of pages of documents and the depositions of over fifty-five fact and expert witnesses. In ruling on the motion to exceed the page limits, the Court stated that "[it] will decline Plaintiff's invitation to render Local Rule 7(F)(3) ineffectual by permitting it to be overcome by ritualistic recitations of complexity."

In the present case, discovery did not involve millions of pages of documents and only ten depositions total were taken in this case. This Court accurately observed early on that the case at bar would not require an extensive amount of discovery, and, in fact, it did not. Therefore, no argument of complexity would support a motion for leave to exceed the page limits even if Defendants had bothered to file such a motion.

Moreover, it is clear that good cause could not have been shown by Defendants given that Defendants' Memorandum is filled with immaterial argument but very little legal citation. From the opening line of the Memorandum, Defendants rely on bald and unfounded accusations of criminal conduct and irrelevant and immaterial facts in support of their Motion. Furthermore, certain exhibits filed serve no purpose other than to place inflammatory and potentially scandalous material into the public domain and to harass Sigma chi and its members. The fact that these attacks are being made by Defendants on students who attend the Defendants' own university makes their conduct that much more egregious and a finding of good cause that much more unlikely. In other words, had the Defendants limited their arguments to the claims and defenses at issue in this case, they would not need to exceed the page limitations.

Because Defendants violated Local Rule 7(F)(3) by filing a brief that exceeds the page limitation of this Court without seeking leave and showing good cause in advance of filing, the Memorandum should be stricken from the record.

## Conclusion

For the reasons set forth above, this Court should strike Defendants' Memorandum of Points and Authorities in Support of Motion for Summary Judgment and dismiss Defendants' Motion for Summary Judgment.

Respectfully submitted,

IOTA XI CHAPTER OF THE SIGMA CHI FRATERNITY
RYAN DUCKWITZ
JUSTIN PIETRO


___/s/_____
By Counsel

3

Tamara L. Tucker (Bar #39805)
NELSON & TUCKER, PLC
600 Peter Jefferson Parkway
Suite 100
Charlottesville, VA  22911
434-979-0049
434-979-0037 facsimile
tamara.tucker@nelsontucker.com

William C. Tucker (VSB No. 40754)
BUTLER WILLIAMS & SKILLING, P.C.
100 Shockoe Slip, 4th Floor
Richmond, Virginia  23219
(804) 648-4848 (telephone)
(804) 648-6814 (facsimile)

Christopher Aldo Porco
The Law Offices of Christopher Aldo Porco, PLLC
910 17th Street NW, Suite 800
Washington, D.C. 20006
TEL 202.331.4444
FAX 202.331.4451
Admitted *Pro Hac Vice*

Counsel for Plaintiffs

**CERTIFICATE OF SERVICE**

     I hereby certify that on this 6th day of February, 2008, I electronically filed the foregoing *Memorandum in Support of Plaintiffs' Motion to Strike Defendants' Memorandum of Points and Authorities in Support of Motion for Summary Judgment* with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

        David Drummey, Associate University Counsel
        George Mason University
        Mason Hall, Room D207
        4400 University Drive, MS 2A3
        Fairfax, Virginia 22030

        *Counsel for Defendants*

        /s/_____
        William C. Tucker
        VSB No. 40754
        Attorney for Plaintiffs
        Butler, Williams & Skilling, P.C.
        100 Shockoe Slip, 4th Floor
        Richmond, Virginia 23219
        Telephone: (804) 648-4848
        Facsimile: (804) 648-6814
        E-mail: wtucker@butlerwilliams.com