**VIRGINIA:**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| IOTA CHAPTER OF ) | |
| SIGMA CHI FRATERNITY, et al., ) | |
| ) | |
| *Plaintiffs*, ) | |
| ) | |
| v. ) | Civil Action No. 1:07 cv 883 |
| ) | |
| PAMELA PATTERSON, et al., ) | |
| ) | |
| *Defendants*. ) | |

**MEMORANDUM IN SUPPORT
OF DEFENDANTS' MOTION TO STRIKE**

The Defendants, Pamela Patterson, Michelle Guobadia, Girard Mulherin, Sandy Hubler, and Alan Merten, by and through counsel, submit this brief in support of their M*otion to Strike Plaintiffs' Memorandum in Opposition to Defendants' Motion for Summary Judgment*.

Defendants filed their motion for summary judgment on February 4, 2008. Pursuant to Local Rule 7(F)(1),  Plaintiffs' responsive brief was due eleven (11) days after service, which was last Friday, February 15, 2008.  Plaintiffs' conceded this due date in their previously filed memorandum in support of their motion to strike. See Docket Entry, Document 79, (Plaintiffs' brief in support of their motion to strike) page 1. At approximately 11:00 p.m., last night, on February 19, 2008, Plaintiff submitted their brief.[1]

Federal Rules of Civil Procedure Rule 6(b) provides:

---

[1] Plaintiffs filed their opposition brief after Defendants filed their opposition brief to Plaintiffs motion for summary judgment even though Plaintiffs moved for summary judgment three days after Defendants moved for summary judgment.

> (b) Extending Time.
> (1) In General.
> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
> (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
> (B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Such requests are looked upon with disfavor and may only be granted if the failure to act was the result of excusable neglect. Local Rule 7 (I); *Littlejohn v. Moody*, 381 F. Supp. 2d 507, 509 (E.D. Va. 2005). Prior to filing their untimely responsive brief, Plaintiffs did not move the Court for an extension of time nor did they contemporaneously move for leave to file the untimely brief or proffer any good cause or excusable neglect. Procedurally, Plaintiffs are in default. The Court should consider Defendants' motion for summary judgment as unopposed and dismiss the Complaint in its entirety.

Defendants are prejudiced by Plaintiffs untimely submission. Trial has been scheduled for March 5, 2008, for Plaintiffs' lengthy Complaint alleging five counts against five different Defendants. Defendants have timely moved for summary judgment on all counts and scheduled the hearing for February 22, 2008.[2] Plaintiffs have filed a 30 page opposition brief to which Defendants have approximately only a day to file their rebuttal to. If Plaintiffs did file their brief timely, Defendants would have at least the weekend and Monday[3] and Tuesday to prepare a rebuttal brief. The Defendants and ultimately the Court should not be pressed for time to consider all arguments properly

---

[2] Defendants' counsel requested the Plaintiffs' counsel to narrow the issues for summary judgment and a possible trial. Plaintiffs' counsel has not only refused to narrow the issues but has attempted to broaden the issues by alleging additional causes of actions against non-defendant parties without amending their Complaint.

[3] The University administrative offices, including University Counsel's Office, were open for the holiday.

and timely raised by the parties especially in light of the fact that Plaintiffs have failed to move for an extension and proffer good cause and excusable neglect.

For the reasons contained herein, and for the reasons contained in the accompanying memorandum, Defendants request the Court to strike the Plaintiffs *Memorandum in Opposition to Defendants' Motion for Summary Judgment* and dismiss the Complaint in its entirety.

Respectfully submitted,

\_\_\_\_\_/s/_____
David Drummey, Asst. Attorney General
Virginia Bar Number 44838
Attorney for the Defendants
George Mason University
4400 University Drive, MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703)993-2340
ddrummey@gmu.edu

## CERTIFICATE OF SERVICE

I hereby certify that on the 20th day of February, 2008, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Tamara L. Tucker, Esquire
Nelson & Tucker, PLC
600 Peter Jefferson Parkway, Suite 100
Charlottesville, VA 22911
Email: tamara.tucker@nelsontucker.com

William Clark Tucker
Butler Williams & Skilling PC
100 Shockoe Slip
4th Floor
Richmond, VA 23219
(804) 648-4848
Email: wtucker@butlerwilliams.com

\_\_/s/_____
David Drummey, Assistant Attorney General
Virginia State Bar Number 44838
Attorney for Defendants
4400 University Drive, MS 2A3
Fairfax, VA 22030
Phone: (703) 993-2619
Fax: (703) 993-2340
ddrummey@gmu.edu